W. J. USERY, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, INTERNATIONAL MARITIME DIVISION, ILA, AFL-CIO, Defendant-Appellant.

Nos. 520, 649, Dockets 76-6137, and 76-6168.

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1976.

Decided Feb. 25, 1977.

Marvin Schwartz, New York City (Burton M. Epstein, New York City, of counsel), for defendant-appellant.

Dennison Young, Jr., Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty. for the S. D. New York, Stuart I. Parker, Frederick P. Schaffer, Asst. U. S. Attys., New York City, Beate Bloch, Associate Solicitor, U. S. Dept. of Labor, Washington, D. C., of counsel), for plaintiff-appellee.

Before MULLIGAN, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

The International Organization of Masters, Mates and Pilots, a national union consisting of approximately ten thousand ship deck officers, has, since 1970, been comprised of three divisions. The largest of these, the Offshore Division, has approximately eighty-two hundred members; the Inland Division has approximately fifteen hundred members; and the Pilots Division, five hundred members. The Union's constitution also provides for a Government Employees Division and a Shoreside Division which have not yet been formed.

At issue herein are those sections in the Union's constitution which provide that its president, vice-president and secretary-treasurer elected by the membership at large, shall serve respectively as the executive officer, assistant executive officer and financial officer of each division. The District Court held that these provisions violate the expressed intent of the Labor-Management Reporting and Disclosure Act that employees shall have the right to "choose their own representatives". 29 U.S.C. § 401(a). We agree.

The Act provides clearly and explicitly that every local shall elect its officers "by secret ballot among the members . . . ." 29 U.S.C. § 481(b); *Wirtz v. Local 153, Glass Bottle Blowers Association,* 389 U.S. 463, 471-72, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968). Its goal is "democratic self-govern-

ment" modeled on the political processes by which public officials are selected. *Local 3489, Steelworkers v. Usery,* —— U.S. ——, ——, 97 S.Ct. 611, 50 L.Ed.2d 502 (1977), citing *Wirtz v. Hotel, Motel & Club Employees Union, Local 6,* 391 U.S. 492, 504, 88 S.Ct. 1743, 20 L.Ed.2d 763 (1968). Permitting the members of one Division to vote for the officers of another would be like permitting the residents of a city to vote in the elections of an adjoining town, a situation which we characterized in *Clark v. Town of Greenburgh,* 436 F.2d 770, 772 (2d Cir. 1971) as an "egregious improbability".

While we are dealing here with only the Offshore Division whose members make up the largest voting bloc of the national union, we cannot overlook the possible effect of the constitutional provision in question upon the smaller Divisions such as the Pilots. Conceivably, the entire membership of the Pilots Division could vote against a candidate for union president, and he nonetheless could end up as that Division's chief executive officer. This is not the democratic self-government contemplated by the Act.

It may well be that the advantages of having paid national union officials participate in the management of locals outweigh the disadvantages of such a plan's undemocratic characteristics. However, that decision is for Congress, not the courts. Congress has mandated that the members of each local shall elect their own officers, and the District Court quite properly directed that this mandate be carried out.

The order appealed from is affirmed.